IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JACQUELINE GIURDANELLA and )
OLIVIA ZUNIGA )
)
      Plaintiffs, )
)
v. ) No. 04 C 710
) Paul E. Plunkett, Senior Judge
REGIS CORPORATION d/b/a )
REGIS MASTERCUTS FAMILY HAIR )
)
)
      Defendant. )

## MEMORANDUM OPINION AND ORDER

On February 3, 2005, this Court granted Defendant's motion for summary judgment and dismissed Plaintiffs' claims against Regis Corporation ("Regis"). This was a final and appealable order, and Defendant seeks to recoup from Giurdanella, under Federal Rule of Civil Procedure ("Rule") 54(d), the costs it incurred to defend itself against the claims. For the following reasons, Defendant may recover statutory costs in the total amount of $1,890.23.

### Discussion

The costs recoverable under Rule 54(d) are circumscribed by statute and include:

(1) Fees of the clerk and marshal;
(2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
(3) Fees and disbursements for printing and witnesses;
(4) Fees for exemplification and copies of papers necessarily obtained for use in the case;
(5) Docket fees under section 1923 of this title;

> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.

Under Rule 54(d), we award costs if there is statutory authority and if they are reasonable and were necessary to the litigation. The costs Defendant seeks to recover, for depositions and photocopies of case-related materials, are authorized by the statute and were necessary to the litigation. We must only examine whether the requested amounts comply with the guidelines set forth by the Judicial Conference of the United States and whether they are reasonable.

Defendant requests $1,890.23 in fees for deposition and copy costs, which include per page processing fees as well as the court reporter's appearance fee. Plaintiff's only objection concerns the costs surrounding the depositions of Plaintiff Jacqueline Giurdanella, witness Cathy Williams, and witness Pamela Tschida. Plaintiff states that the amount for which these depositions were billed do not match the invoice of the amount that he paid for the copies of the deposition. Local Rule 54.1(b) mandates that "the costs of the transcript or deposition shall not exceed the regular copy rate as established by the Judicial Conference of the United States and in effect at the time of the transcript or deposition was filed unless some other rate was previously provided for by order of court." The effective rate at the time the depositions were taken was $3.30 per page for an original transcript and $.83 per page for a transcript copy. Courts have interpreted the language of Rule 54.1(b) to mean that these rates include all costs associated with the taking of a deposition. Courts are divided however in the treatment of appearance fees. The Seventh Circuit has allowed appearance fees to be recovered if that fee is reasonable. *Riley v. UOP, LLC*, 258 F. Supp. 2d 841, 844 (N.D. Ill 2003). Other courts have considered that incidental costs such as court reporter

appearance fees are not recoverable if they drive the cost of the deposition beyond the effective Judicial Conference rates. *Higbee v. Sentry Ins. Co.*, 2004 U.S. Dist. LEXIS 10772, *4, No. 97 C 1349 (June 21, 2004). Although the treatment of appearance fees is not particularly mentioned in the statute, it is within the courts discretion pursuant to 29 U.S.C. § 1920. *Held v. Held*, 137 F.3d 998, 1002 (7th Cir. 1998).

Defendant has submitted invoices for original transcripts taken by its court reporter, L.A. Reporting & Video Conferencing, Inc., for the depositions of Jacqueline Giurdanella and Cathy Williams and for a copy of Pamela Tschida's deposition. The charges reflected in Giurdanella's depositions are $3.30 per page, $3.75 per page for Williams, and $.83 per page for Tschida. As indicated, we must adhere to the approved rates by the Judicial Conference and will only award depositions costs at a maximum of $3.30 per page for originals and $.83 for copies. Defendant appropriately seeks an amount that complies with these rates. Furthermore, because we feel that the court reporter appearance fee is reasonable, that fee will also be recoverable. We will therefore award the following: (a) $864.60 for the Giurdanella deposition (262 pages at $3.30 per page); (b) $356.40 for the Williams deposition (108 pages at $3.30 per page); and (c) $117.03 for the Tschida deposition (141 pages at $.83 per page); and (d) $220.00 for the court reporter appearance fee. Thus, Defendant's recovery for deposition costs will be $1,558.03.

Finally, Defendant seeks $332.20 for copies of papers necessarily obtained for use in the case. There were no objections to these fees and this Court deems them reasonable. We therefore award Defendant $332.20 for copies.

## Conclusion

For the reasons stated above, the Court grants Defendant's bill of costs in the amount of $1,890.23.

**ENTER:**

_____
**SENIOR UNITED STATES DISTRICT JUDGE**

**DATED:** MAY 2 0 2005